IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON

**TEX G. HOLBROOK, II,**

      **Petitioner,**

v.                                                                                    Case No. 2:12-cv-00953

**DAVID BALLARD, Warden,**
**Mount Olive Correctional Complex,**

      **Respondent.**

## O R D E R

Pending before the court are the following motions: the petitioner's Motion for Appointment of Counsel (ECF No. 7), the petitioner's Motion to Change Venue (ECF No. 21), the petitioner's Motion to Produce Grand Jury Transcripts (ECF No. 23-1), the petitioner's Motion to Extend Time to File Response/Reply to the respondent's Motion for Summary Judgment (ECF No. 23-2), the petitioner's Motion to Expand the Record (ECF No. 24), the petitioner's Motion for Leave to File Over-Length Memorandum of Law in support of Amended Petition (ECF No. 28), the petitioner's Motion to Extend Time to File Response to the respondent's Response in Opposition to the Motion to Expand the Record (ECF No. 32), the petitioner's second Motion to Extend Time to File Response/Reply to the respondent's Motion for Summary Judgment (ECF No. 34), the petitioner's Letter-Form Motion for Tape Recordings from Trial and Omnibus Evidentiary Hearing (ECF No. 39), the respondent's Motion to Supplement the Record in Conformity with Court Order of August 29, 2012 (ECF No. 44), the respondent's Motion to Strike Additional Documentation Filed in Support of Amended Petition (ECF

No. 51), and the petitioner's Letter-Form Motion to Supplement the record with Motion for Additional Discovery Filed in State Court (ECF No. 52.) The undersigned will address each motion in turn.

### *The petitioner's Motion for Appointment of Counsel*

The petitioner filed a Motion for Appointment of Counsel at the same time that he sought leave to amend his petition. (ECF No. 7.) The undersigned took the motion under advisement pending the filing of the amended petition.

The appointment of counsel to represent a pro se petitioner in a habeas corpus action is governed by 18 U.S.C. § 3006A(a)(2)(B), which states, in pertinent part:

> "[w]henever the United States magistrate or the court determines that the interests of justice so require, representation may be provided for any financially eligible person who -- is seeking relief under section 2241, 2254, or 2255 of title 28.

It is clear that Petitioner has no constitutional right to counsel in this civil action, unless there is an evidentiary hearing, and appointment of counsel rests within the discretion of the court. Rule 8(c), Rules Governing Section 2254 Cases in the United States District Courts; *Crowe v. United States*, 175 F.2d 799 (4th Cir. 1949).

The court finds that Petitioner's filings in this case demonstrate that he is capable of representing himself, unless and until an evidentiary hearing is conducted, and that the interests of justice do not require appointment of counsel at this time. Accordingly, it is hereby **ORDERED** that the Motion for Appointment of Counsel (ECF No. 7) is denied without prejudice.

### *The petitioner's Motion to Change Venue*

On July 5, 2012, the petitioner filed a Motion to Change Venue. (ECF No. 21.) In this motion, the petitioner does not seek a change of venue within the federal court in

which his section 2254 petition is pending. Rather, he is requesting that, if this federal court should grant him habeas corpus relief, and "remand" the case back to the state court, that this federal court order that any new proceedings be held in a different venue than the Circuit Court of Fayette County because the petitioner believes he was denied an opportunity to have a complete and fair evidentiary hearing there. The petitioner's motion is premature, in light of the fact that this federal court has not determined if the petitioner is entitled to any relief on his section 2254 petition. Moreover, this federal court has no authority to order a change of venue for any new proceedings in the state court, should any such relief be granted. Accordingly, it is hereby **ORDERED** that the petitioner's Motion to Change Venue (ECF No. 21) be **DENIED**.

### *The petitioner's Motion for Production of Grand Jury Transcripts*

On July 6, 2012, the petitioner filed a motion requesting that this federal court order the Circuit Court of Fayette County to provide him with complete copies of the transcripts from two grand jury proceedings in which deliberations occurred concerning potential charges against the petitioner. (ECF No. 23-1.) The first proceeding, which occurred on or about May 15, 2002, did not result in any indictment of the petitioner. The second proceeding, which occurred on or about September 16, 2004, resulted in the indictment containing the charges of which the petitioner was ultimately convicted. The prosecution also presented evidence concerning the alleged sexual abuse of two other family members of the petitioner's wife. However, no charges were brought against the petitioner concerning those individuals.

The petitioner is attempting to assert claims in his section 2254 petition concerning the presentation of false evidence during the grand jury proceedings and other due process claims concerning the confusion that the presentation of evidence

3

about multiple alleged victims caused the grand jury. The petitioner's instant motion asserts that he attempted to obtain complete copies of these two grand jury proceedings through the discovery process in his state habeas corpus proceedings, but was denied the same until the day after his omnibus habeas corpus hearing. The petitioner further asserts that the delayed production of these transcripts prejudiced his ability to present evidence at the omnibus hearing and his ability to prosecute the claims raised in his state habeas petition.

The respondent has expressed his opposition to the petitioner's repeated attempts to supplement the record in various responses. In a footnote in his Response to the Petitioner's Motion to Amend his Petition, the respondent asserts:

> The only reason [the petitioner] has set forth for conducting this discovery is to prove that the Counsel for the State and the investigating officer perjured themselves before the grand jury in order to obtain an indictment. A habeas petitioner is not entitled to discovery as a matter of ordinary course. *Bracy v. Gramley*, 520 U.S. 899 (1997). Rule 6(a) of the rules governing 2254 cases in federal district court states that a petitioner is not entitled to discovery except for good cause shown. The Petitioner's baseless allegations do not constitute good cause. Rule 6 does not authorize "fishing expeditions" based on a Petitioner's conclusory allegations. *Perillo v. Johnson*, 79 F.3d 441, 444 (5th Cir. 1996). Therefore, this court should summarily deny the Petitioner's motion, and any other motion filed which requests discovery without good cause shown.

(ECF No. 25 at 7 n.5.)

This same date, the undersigned has submitted a Proposed Findings and Recommendation recommending that the presiding District Judge find that certain claims raised in the petitioner's Amended Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 be dismissed as being untimely and unexhausted. Included in the claims that are untimely and unexhausted are any claims related to alleged misconduct by the prosecution in the grand jury proceedings, and any other claims concerning alleged

4

prosecutorial misconduct.  Thus, the requested documents are not relevant to any of the claims upon which the petitioner may be able to proceed, and there is no good cause for their production in this matter.  Furthermore, the jury's verdict in the petitioner's trial rendered harmless any error that flowed from the grand jury process.  *See United States v. Mechanik*, 475 U.S.66, 72-73 (1986).  Accordingly, it is hereby **ORDERED** that the petitioner's Motion for Production of Grand Jury Transcripts (ECF No. 23-1) be **DENIED**.

<u>*The petitioner's Motion for Tape Recordings of his Trial and Omnibus Hearings*</u>

The petitioner has also filed a motion requesting that this federal court order the production of the tape recordings made in the process of his criminal trial and in the omnibus evidentiary hearing conducted in his second state habeas proceeding, Case No. 07-C-439-H.  (ECF No. 39.)  The petitioner alleges that the transcripts made from these proceedings have been "altered in a manner that conceals the illegal actions carried out by the State."  (*Id.* at 1.)

The petitioner also contends that he needs to hire an "expert in this field" to support and prove numerous grounds raised in his section 2254 petition.  His motion states:  "An expert examination of these recordings will prove there are serious altercations [sic; alterations] of fact in the aforementioned transcripts.  These altercations [sic; alterations] have denied me a fair trial and habeas proceeding.  Thereby denying me my right to due process."  (*Id.*)

The respondent has filed a response in opposition to this motion, contending that the petitioner's motion is frivolous and that the petitioner has failed to demonstrate any support for his outlandish contention that the transcripts have been altered.  (ECF No. 41.)

The respondent's counsel has produced copies of the trial transcript (ECF No. 11, Ex. 2) and the February 11, 2009 omnibus habeas corpus hearing (ECF No. 44, Ex. 23), which he received from the Clerk of the Circuit Court of Fayette County. Both transcripts contain a certification by the court reporter who transcribed those proceedings that the transcripts are a true and correct transcript of the proceedings. The undersigned **FINDS** that there is no good cause for the petitioner's request to produce the tape recordings of these proceedings, and his Motion for the Tape Recordings (ECF No. 39) is hereby **DENIED**.

### *The petitioner's Motion to Expand the Record*

On July 6, 2012, the petitioner filed a Motion to Expand the Record (ECF No. 24) to include 12 categories of additional documents, which include a 240-page diary or journal allegedly written by the victim in this case between May 26, 2001 and August 12, 2002 (*Id.*, Ex. A), documents related to the petitioner's motion for a new trial filed on September 19, 2010 (*Id.*, Ex. B), which was denied on September 24, 2010 (*Id.*, Ex. C), and case notes, subpoenas and other correspondence drafted by or to the petitioner's habeas counsel related to the petitioner's habeas and habeas appeal proceedings in the state courts (*Id.*, Exs. D-L). (ECF No. 24.)

Although not specifically addressing the categories of documents with which the petitioner is attempting to supplement the record, the respondent has asserted a "running objection" to any additional documentation being provided by the petitioner on the basis that, in his Amended Section 2254 Petition and related documents, the petitioner has attempted to raise claims which were previously determined to be meritless, or were not exhausted in the state court proceedings and are, thus waived or procedurally defaulted. (ECF No. 25 at 8-9; ECF No. 27 at 7.)

The undersigned notes that the alleged victim's 240-page diary is not authenticated. Nevertheless, the diary and the Motion for New Trial and the Order denying the same arguably may be relevant to the petitioner's claims concerning the victim's recantation, and the undersigned **FINDS** that they may be considered by this court, only to the extent that they are relevant to such claims. Accordingly, it is hereby **ORDERED** that the petitioner's Motion to Expand the Record (ECF No. 24) is **GRANTED** with respect to Exhibits A-C attached thereto.

On the other hand, the case notes, subpoenas, and other correspondence located in Exhibits D through L of ECF No. 24 all concern issues related to the petitioner's state habeas corpus proceedings. As noted in the Proposed Findings and Recommendation, claims of error in state post-conviction proceedings, including claims of ineffective assistance of habeas counsel, are generally not cognizable in federal habeas corpus. Accordingly, the undersigned **FINDS** that these documents are not relevant to any of the petitioner's properly raised claims, and thus, there is no basis for these documents to be added to the record before this court. Accordingly, it is hereby **ORDERED** that the petitioner's Motion to Expand the Record (ECF No. 24) be **DENIED** with respect to Exhibits D through L.

<u>*The petitioner's Motion for Leave to File Over-Length Document*</u>

In support of his Amended Petition, the petitioner has filed a 78-page Memorandum. (ECF No. 19.) Because this document exceeds the 20-page limitation contained in the Local Rules of this Court, the petitioner seeks leave to have the Memorandum considered. (ECF No. 28.) The respondent has filed a response in opposition to this motion, asserting that the petitioner's claims are untimely and

unexhausted and that there is no need to clog the record with additional unnecessary documentation. (ECF No. 30.)

The respondent's Response in Opposition to Petitioner's Motion to File Over-Length Document objects to the petitioner's contention that this is a case that turns on complex procedural, legal and/or factual questions, stating that the petitioner has deliberately complicated the proceedings by filing numerous motions and petitions that lack merit. (ECF No. 30 at 2.) The response further asserts that the petitioner does not need to file a 78-page Memorandum to explain grounds for relief which were improperly raised, unexhausted, and procedurally defaulted, or grounds for relief that lack merit and have been fully and fairly addressed below. Thus, the respondent requests that this court deny the petitioner's motion to file an over-length memorandum and strike the same from the docket. (*Id.* at 2-3.)

In the Proposed Findings and Recommendation filed this same date, the undersigned has proposed that the presiding District Judge find that Grounds A, B, D, and E of the Amended Petition, and Ground L of the Amended Petition, concerning cumulative trial court error, are timely and exhausted, and should be further considered by the court. Thus, the court will consider the portions of the Memorandum relating to those timely and exhausted claims. The court may disregard the remaining portions of the Memorandum concerning claims that may be dismissed as untimely and/or unexhausted. Should the presiding District Judge or an appellate court determine that any additional grounds raised by the petitioner should be addressed, it is necessary for the entire Memorandum to be available in the record. Accordingly, the petitioner's Motion for Leave to File Over-Length Document (ECF No. 28) is hereby **GRANTED**,

and the respondent's repeated requests to strike the Amended Petition and the Memorandum are hereby **DENIED**.

### *The respondent's Motion to Supplement the Record in Conformity with Court Order*

On August 29, 2012, the undersigned entered an Order directing the respondent to supplement the record with the transcripts of the petitioner's omnibus evidentiary hearing conducted in Case No. 07-C-439-H in the Circuit Court of Fayette County (the petitioner's second state habeas proceeding), and the transcript of the deposition of Gregory Hurley, taken in that matter on November 7, 2008. (ECF No. 42.)

On September 7, 2012, counsel for the respondent filed the requested transcripts, along with a Motion to Supplement the Record in Conformity with the undersigned's August 29, 2012 Order. (ECF No. 44.) It is hereby **ORDERED** that the respondent's Motion to Supplement the Record in Conformity with the Court Order (ECF No. 44) be **GRANTED,** and that the transcripts filed as attachments to the motion as Respondent's Exhibits 23 and 24 be made a part of the record herein. The Clerk need not re-docket the exhibits.

### *The respondent's Motion to Strike the petitioner's Motion to Supplement Petition and Exhibits*

On September 27, 2012, the petitioner again filed additional documentation in support of his Amended Petition, this time in the form of transcribed telephone conversations that allegedly occurred between the petitioner's now ex-wife, Drema Patterson, and the petitioner's trial counsel, Gregory Hurley, between November 22, 2004 and September 28, 2006. (ECF No. 49.) In the cover letter of the document, Drema Patterson notes that the recordings between January 2, 2005 and February 10, 2005 no longer exist and may have been erased or taped over. (*Id.* at 7.)

9

On October 4, 2012, the respondent filed a Motion to Strike this documentation (ECF No. 51.), asserting that this information was never introduced in the petitioner's state proceedings, is unauthenticated, irrelevant and vexatious, and not procedurally proper. (*Id.* at 1.) The respondent further asserts that the petitioner has not stated whether Mr. Hurley knew that his conversations were being recorded and, because Ms. Patterson was not his client, the conversations violate the attorney-client privilege. (*Id.* at 2-3.) The respondent further asserts that these documents attempt to raise claims of ineffective assistance of counsel that were not addressed in either the petitioner's direct appeal, or in his state court habeas corpus proceedings and are, thus, unexhausted. (*Id.* at 3.)

The undersigned **FINDS** that the subject documents are only related to the petitioner's claims of ineffective assistance of trial counsel. In light of the separate Proposed Findings and Recommendation filed on this same date, which recommends that all of the petitioner's claims of ineffective assistance of counsel concerning Mr. Hurley's performance be dismissed as unexhausted, the undersigned **FINDS** that there is no good cause to supplement the record with these documents, and they will be disregarded. However, it is hereby **ORDERED** that the respondent's Motion to Strike the petitioner's documents (ECF No. 51) be **DENIED**, so that those documents are available for review by other judges. This ruling applies to any and all of the respondent's requests to have materials stricken from the record in this case.

<u>The petitioner's Letter-Form Motion to Supplement the Record with
Motion for Additional Discovery filed in state court</u>

On October 3, 2012, the petitioner apparently mailed a Motion for Additional Discovery to the Fayette County Circuit Clerk. On October 5, 2012, the Clerk of this

Court received a letter from the petitioner requesting that his state court Motion for Additional Discovery be included in his federal case file to demonstrate his continued effort to obtain evidence and discovery to support his section 2254 petition. (ECF No. 52.) Specifically, the petitioner has asked the State to provide him with 17 discovery items, including various investigation reports and statements and interviews (both written and recorded) of the victim, the petitioner and other witnesses, taken during the investigation of his criminal case. The petitioner also again requests "complete" copies of his grand jury transcripts. This motion was addressed to the Circuit Court, and requires no action on the part of this federal court. The petitioner's Letter-Form Motion to Supplement the Record with his state court motion for discovery (ECF No. 52) is hereby **DENIED**.

### *The petitioner's Motions to Extend Time to File Response to Motion for Summary Judgment*

The petitioner has filed several motions to extend time to file a response to the respondent's Motion for Summary Judgment, and other documents in opposition to the petitioner's claims for relief. (ECF Nos. 23-2, 32, and 34.) On two occasions, the petitioner has filed "partial replies" (ECF Nos. 37 and 53.) The first "partial reply," addressed the issues of timeliness of the petition, and the exhaustion of one particular claim of ineffective assistance of counsel. (ECF No. 37.) The timeliness of the petitioner's section 2254 petition and a full analysis of the exhaustion of the claims raised by the petitioner have been addressed in the Proposed Findings and Recommendation ("PF&R") submitted to the presiding District Judge this same date and need not be further briefed. The parties may file objections to the PF&R in accordance with Rule 72 of the Federal Rules of Civil Procedure and 28 U.S.C. §

636(b)(1)(C). The second "partial reply" addresses the petitioner's claim that the trial court improperly failed to consider the alleged victim's recantation evidence, and requests "an opportunity to present a coherent reply to those portions of the Respondent's Motion for Summary Judgment not addressed in [sic; herein?]. (ECF No. 53.)

The undersigned believes that the parties should be given an opportunity to fully brief the claims for relief that the undersigned has recommended be permitted to proceed. Despite the petitioner's filing of partial replies, the petitioner should file a response to the respondent's Motion for Summary Judgment that addresses the merits of the timely and fully exhausted claims in one document. Accordingly, it is hereby **ORDERED** that the petitioner's Motions to Extend Time to file a Response/Reply (ECF Nos. 23-2, 32 and 34) be **GRANTED**.

In order to allow the continued progress of this matter, it is hereby **ORDERED** that the petitioner shall have until **November 23, 2012,** to file a response to the respondent's Motion for Summary Judgment concerning the following claims for relief:

1. The petitioner's constitutional right to due process of law as secured by the Fifth and Fourteenth Amendments to the U.S. Constitution was violated when the Circuit Court of Fayette County refused to hear/accept the recanted testimony of the sole inculpatory witness whose testimony would establish petitioner's actual innocence, and the court abused its discretion by denying the petitioner the opportunity for an evidentiary hearing and new trial following the recantation. (as asserted in Grounds 1 and 5 of the initial section 2254 petition and Grounds A, D and E of the Amended Petition and Memorandum in support thereof).

2. The petitioner was denied his constitutional right to a fair and impartial jury trial as secured by the Fifth, Sixth and Fourteenth Amendments to the U.S. Constitution when the Circuit Court of Fayette County admitted extrinsic evidence solely to demonstrate the defendant's bad character (as asserted in Ground 2 of the

        initial section 2254 petition and Ground B of the Amended Petition and the Memorandum in support thereof).

3.    The petitioner was denied a fair and impartial trial as secured by the U.S. Constitution due to the cumulative errors of the trial court (as raised in Ground 3 of the initial section 2254 petition and Ground L of the Amended Petition and the Memorandum in support thereof). This claim is limited to the alleged errors of the trial court, in light of the failure to exhaust any other claims of error by the prosecuting attorney and/or the petitioner's counsel, and any alleged error by the state habeas court, which is not cognizable.

It is further **ORDERED** that the respondent may file a reply to the petitioner's response to the Motion for Summary Judgment, concerning the above-referenced claims, on or before **December 3, 2012**. It is further **ORDERED** that there shall be no additional briefing, and no additional documents filed, unless otherwise ordered by the court.

    The Clerk is directed to mail a copy of this Order to the petitioner and to transmit a copy to counsel of record.

    ENTER:     October 26, 2012

*Mary E. Stanley*
Mary E. Stanley
United States Magistrate Judge