IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

TEX HOLBROOK, II,

        Petitioner,

v.                                                                           CIVIL ACTION NO. 2:12-cv-00953

DAVID BALLARD,

        Respondent.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Petitioner's Motion to File an Amicus Brief, Motion for Leave to File a Rule 60(b)(6) Motion, and Motion to Appoint Counsel. [ECF No. 113]. For the following reasons, Petitioner's motions are **DENIED**.

### I. Background

Petitioner, Tex Holbrook, II, is an incarcerated person at Mount Olive Correctional Complex. On April 3, 2012, Petitioner filed his Petition for Writ of Habeas Corpus. [ECF No. 2]. Respondent, David Ballard, filed a Motion for Summary Judgment on June 15, 2012. [ECF No. 11]. The case was referred to Magistrate Judge Mary E. Stanley, who recommended that this Court grant Respondent's motion, deny the remaining claims in Petitioner's petition, and dismiss this civil action from the docket. [ECF. No. 79]. Petitioner filed objections; however, this Court ultimately adopted Magistrate Judge Stanley's findings and recommendations and dismissed this case from the docket. [ECF Nos. 84, 86–87]. Petitioner filed a Notice of Appeal

on April 26, 2013. [ECF No. 92]. The United States Court of Appeals for the Fourth Circuit dismissed the appeal on September 4, 2013. [ECF No. 103].

Petitioner's case remained inactive from 2013 to 2021, when Petitioner filed his Motion to File an Amicus Brief, Motion for Leave to File a Rule 60(b)(6) Motion, and Motion to Appoint Counsel. [ECF No. 113]. In his motion, Petitioner seeks permission to file an amicus brief in *Widmyer v. Ballard*, a case that originated in the Northern District of West Virginia (No. 1:10-cv-00084) and is currently on appeal in the Fourth Circuit (No. 21-7378). *Id.* Petitioner further requests that counsel be appointed to represent him as an interested party. *Id.* Finally, Petitioner seeks leave to file a Rule 60(b)(6) motion within sixty days of the Court's order. *Id.*

## II. Discussion

### A. *This Court lacks the authority to grant Petitioner's motion to file an amicus brief in another court.*

Rule 29 of the Federal Rules of Appellate Procedure sets forth the standards for filing an amicus brief in the United States Court of Appeals. The purpose of an amicus brief is to "bring[] relevant matter to the attention of the Court that has not already been brought to its attention by the parties." Fed. R. App. P. 29 committee notes to 1998 amendment. An amicus brief, other than one submitted by the "United States . . . its officer or agency[,] or a state," may be filed only "by leave of court" or by the consent of all parties. Fed. R. App. P. 29(a)(2). A motion for leave of court "must be accompanied by the proposed brief and state: (A) the movant's interest; and (B)

the reason why an amicus brief is desirable and why the matters asserted are relevant to the disposition of the case." Fed. R. App. P. 29(a)(3). Thus, implicit in Rule 29, a rule of federal appellate procedure, is that a motion for leave of court must be filed with the circuit court considering the case in which the movant seeks to submit an amicus brief.

Here, Mr. Widmyer's case originated in the Northern District of West Virginia and was appealed to the Fourth Circuit. Petitioner seeks to file an amicus brief. However, it is unclear to the Court where Petitioner seeks to file his brief. On one hand, Petitioner states that he is requesting to file an amicus brief in "[I]n Re Widmyer No[]. 1:10-cv-84," a district court case, but on the other hand, Petitioner notes that Mr. Widmyer's case "is on appeal" and that his attorney "would be willing to brief the issue in *Widmyer* on appeal." In either instance, this Court has no authority to grant leave in another court for Petitioner to file an amicus brief. As such, Petitioner's Motion to File an Amicus Brief is **DENIED**.

### *B. Leave is not required to file a Rule 60(b)(6) motion.*

Federal Rule of Civil Procedure 60(b) authorizes a district court to grant relief from a final judgment for five enumerated reasons or for "any other reason that justifies relief." The Rule merely requires a motion for relief by a party; that is, leave of court is not required. As such, Petitioner's Motion to be Granted Leave to File a Rule 60(b)(6) Motion is **DENIED**.

*C. Petitioner does not need appointed counsel.*

Because the Court denies Petitioner's Motion to File an Amicus Brief and Motion to be Granted Leave to File a Rule 60(b)(6) Motion, there is no need to appoint an attorney for Petitioner. Accordingly, Petitioner's request for counsel is **DENIED**.

### III.  Conclusion

For the foregoing reasons, Petitioner's Motion to File an Amicus Brief, Motion for Leave to File a Rule 60(b)(6) Motion, and Motion to Appoint Counsel [ECF No. 113] are **DENIED**. The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: September 12, 2022

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE

4